UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C JOHNSON., | Case No: 3:25-cv-05574-DWC |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| CLARITY SERVICES, INC., | |
| Defendant. | |
| | Jury Trial: Yes |

## INTRODUCTION

1. This is a civil action for actual, punitive and statutory damages and cost brought by Christopher C. Johnson hereinafter, ("Plaintiff") an individual consumer, against defendant, CLARITY SERVICES, INC., hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA"), the Washington Fair Credit Reporting Act (WFCRA), RCW 19.182 et seq., and the Washington Consumer Protection Act (CPA), RCW 19.86 et seq.

2. The FCRA and WFCRA were enacted to ensure fair and accurate credit reporting, promote efficiency in commerce, and protect consumer privacy. One of the fundamental

COMPLAINT FOR A CIVIL CASE - 1

protections in both statutes is the right of consumers to access all information contained in their consumer file, as codified in 15 U.S.C. § 1681g and RCW 19.182.070. These laws require that a consumer reporting agency, upon receiving a proper request from a consumer and sufficient identifying information, must disclose all information in the consumer file within a reasonable time. This right is critical for consumers to detect errors, dispute inaccurate data, prevent identity theft, and make informed financial decisions. Denial of this right deprives the consumer of transparency and violates both federal and state law. Defendant Clarity Services, Inc. received Plaintiff's proper request, including all required identifying documents, yet failed to provide Plaintiff with a full file disclosure, and instead requested the same documentation already provided. This violation is willful and actionable.

## BASIS OF JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U.S. C § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendant regularly transacts business in this District and the conduct giving rise to this action occurred in substantial part within this District.

5. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

## PARTIES

COMPLAINT FOR A CIVIL CASE - 2

6. Plaintiff Christopher C. Johnson is a natural person and a resident of Puyallup, Washington. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and RCW 19.182.010(3).

7. Defendant Clarity Services, Inc. is a Delaware corporation and a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and RCW 19.182.010(5). It regularly assembles or evaluates consumer credit or other information for the purpose of furnishing consumer reports to third parties. Clarity is a wholly owned subsidiary of Experian Information Solutions, Inc. and conducts consumer reporting activities in the State of Washington.

8. Clarity Services, Inc. may be served through its parent company, Experian Information Solutions, Inc., via its registered agent in Washington State CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, WA 98501.

## FACTUAL ALLEGATIONS

9. On or about June 4, 2025, Plaintiff submitted a written request to Clarity Services, Inc. for a full file disclosure pursuant to 15 U.S.C. § 1681g and RCW 19.182.070.

10. In his request, the Plaintiff included: - A copy of his valid government-issued driver's license; - A copy of his Social Security card; - A recent utility bill showing his current address.

11. The request was sent via USPS with tracking number 9405530109355161848111. According to USPS records, the request was delivered to Clarity on June 7, 2025.

12. Clarity received this request and supporting documents sufficient to identify Plaintiff.

13. On or about June 26, 2025, Plaintiff received a letter dated June 16, 2025, from Clarity stating that they had received a request for a Clarity credit report but requested additional documentation — the same documentation Plaintiff had already provided.

14. As of the date of filing this complaint, Clarity has failed to provide the full file disclosure required by federal and state law.

15. This failure caused Plaintiff to expend time and effort preparing his request, paying for certified mail, tracking the package, and following up after receiving Clarity's improper delay letter.

16. Plaintiff was unable to review, verify, or dispute the contents of his Clarity credit report. This denial of access interfered with his ability to manage his credit profile and make informed financial decisions.

17. Plaintiff suffered an injury to his property interest in the form of lost time, denial of statutory rights, and potential financial harm from not knowing what was being reported about him.

COMPLAINT FOR A CIVIL CASE - 4

18. Plaintiff suffered actual damages of loss of sleep time and anger and emotional distress.

19. Defendant's actions were willful and negligent, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and 1681o.

### COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C § 1681g(a)(1) DEFENDANT CLARITY SERVICES INC.

20. All preceding paragraphs are realleged.

21. Pursuant to 15 U.S.C. § 1681g(a), a consumer reporting agency is required to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, upon proper identification and request by the consumer.

22. On June 4, 2025, Plaintiff submitted a written request for a full file disclosure to Defendant Clarity Services, Inc. Plaintiff's request included a copy of his government-issued driver's license, a copy of his Social Security card, and a current utility bill showing his full name and address.

23. According to USPS tracking number 9405530109355161848111, the request was delivered to Defendant on June 7, 2025.

COMPLAINT FOR A CIVIL CASE - 5

24. Despite receiving proper identifying documentation and a valid written request, Defendant failed to provide Plaintiff with the full file disclosure required under the statute.

25. Instead, on or about June 26, 2025, Plaintiff received a letter from Defendant dated June 16, 2025, stating that additional identifying documentation was required to process the request. However, all the information Defendant requested in the letter had already been provided in Plaintiff's original submission.

26. Defendant's failure to provide Plaintiff with his complete consumer file violated the requirements of 15 U.S.C. § 1681g(a).

27. Defendant's failure to comply with its obligations under § 1681g(a) was both negligent and willful. The defendant acted negligently by failing to exercise reasonable care in the handling and processing of Plaintiff's request, including the implementation of procedures to ensure timely and accurate compliance with consumer disclosure requests.

28. Alternatively, Defendant's failure was willful. Defendant is a sophisticated consumer reporting agency with full knowledge of its obligations under the Fair Credit Reporting Act. Despite this knowledge, Defendant refused or recklessly disregarded its duty to disclose Plaintiff's consumer file after receiving proper identification, in conscious disregard for Plaintiff's rights.

29. As a result of Defendant's failure, Plaintiff was denied access to important information contained in his consumer file. This prevented Plaintiff from verifying the accuracy of the

1  information held about him, disputing inaccuracies, and fully understanding how his data was
2  being used by third parties.

4  30. Plaintiff suffered an informational injury, frustration, loss of time, emotional distress and
5  interference with his ability to monitor, manage, and protect his credit and consumer rights.

7  31. Plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n for Defendant's willful
8  noncompliance, actual damages under 15 U.S.C. § 1681o for negligent noncompliance, as well
9  as punitive damages, and costs.

## COUNT II: VIOLATION OF THE WASHINGTON FAIR CREDIT REPORTING ACT (RCW 19.182.070) DEFENDANT CLARITY SERVICES, INC.

13  32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this
14  Complaint as though fully set forth herein.

16  33. RCW 19.182.070 requires every consumer reporting agency to, upon request and proper
17  identification, clearly and accurately disclose to the consumer all information in the consumer's
18  file at the time of the request.

20  34. Defendant's failure to provide Plaintiff with the full file disclosure violated RCW
21  19.182.070.

35. A violation of the Washington Fair Credit Reporting Act is deemed an unfair or deceptive act in trade or commerce and an unfair method of competition under RCW 19.86.020 of the Washington Consumer Protection Act.

36. Defendant's acts and omissions occurred in the course of its trade or business and were injurious to the public interest because Defendant engages in consumer reporting for thousands of Washington residents and its failure to comply with disclosure requirements has the capacity to deceive and harm a substantial portion of the public.

37. Plaintiff suffered injury to business or property as a result of Defendant's violations. Specifically, Plaintiff incurred out-of-pocket expenses including printing costs, certified mail postage, and administrative time spent preparing and following up on the full file disclosure request. This expenditure was reasonably incurred as a direct result of Defendant's failure to comply with its statutory obligations.

38. Plaintiff is entitled to all available remedies under RCW 19.86.090, including actual damages, treble damages, and costs of suit.

### COUNT III: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86.020) DEFENDANT CLARITY SERVICES, INC.

39. Plaintiff re-alleges and incorporates all preceding paragraphs.

40. Defendant's failure to provide a timely full file disclosure constitutes an unfair or deceptive act or practice in the conduct of trade or commerce, violating RCW 19.86.020.

COMPLAINT FOR A CIVIL CASE - 8

41. The violation impacts public interest as it deprives Washington consumers of legal protections and transparency over their credit information.

42. Plaintiff was injured in his property and legal interests, including loss of time, mailing costs, interference with credit management, and denial of legal rights.

43. Plaintiff is entitled to actual damages, treble damages, under RCW 19.86.090.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

1. That the Court find that Defendant violated 15 U.S.C. § 1681g of the Fair Credit Reporting Act.
2. That the Court find that Defendant's violation of the FCRA was both negligent and willful.
3. That the Court find that Defendant violated RCW 19.182.070 of the Washington Fair Credit Reporting Act, and that such violation constitutes a violation of the Washington Consumer Protection Act, RCW 19.86 et seq.
4. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).
5. An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).
6. An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), including but not limited to emotional distress, mental anguish, frustration, and out-of-pocket expenses reasonably incurred in attempting to obtain Plaintiff's file.

7. An award of treble damages under RCW 19.86.090 for Defendant's violation of the Washington Consumer Protection Act.

8. Such other and further relief as the Court deems just and proper.

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (I) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovely; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 6/27/2025

Christopher C Johnson
5613 121st Street Court E #1
Puyallup, WA 98373
cejay80@gmail.com

COMPLAINT FOR A CIVIL CASE - 10